IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00714-EWN-PAC

JOAN BACA,

    Plaintiff,

v.

DEPOT SALES, LLC., d/b/a SCAFFOLDING DEPOT, and,
ACTION SCAFFOLDING, INC., d/b/a ACTION SCAFFOLDING MANUFACTURING,

    Defendants.

## ORDER

O. Edward Schlatter, United Stated Magistrate Judge

This is a products liability action. The matter before the court is Plaintiff's Motion to Strike Defendant Action Scaffolding's Expert Witness (Doc. #136), filed February 8, 2007. The motion is fully briefed. I heard argument from the parties on March 21, 2007.

Plaintiff argues that Defendant Action Scaffolding Inc.'s expert witnesses disclosure of P. Thomas Blotter, Ph.D., P.E. and James P. Kelly M.D. should be stricken because it does not comply with the disclosure requirements set forth in Fed.R.Civ.P. 26(a)(2) and because Defendant's failure is neither harmless nor substantially justified.

Fed.R.Civ.P. rule 26 (a) (2) (B) provides in pertinent part:

> The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the

> witness has testified as an expert at trial or by deposition within the preceding four years.

After considering Plaintiff's motion, Defendants' response, Plaintiff's reply and argument of counsel at the March 21, 2007 hearing, I find that the Rule 26 disclosures with regard to expert witness Blotter do not meet the requirements of Fed.R.Civ.P.26(a)(2)(B). Dr. Blotter is disclosed as an expert in the field of engineering. Neither his initial disclosure of prior testimony history nor his supplemental disclosure of prior testimony history was complete. *See* Mot. to Strike, Exs. 1, 6. Over fifty cases were listed by Dr. Blotter and none of the cases listed provides the case number or the name of the court or administrative agency where the testimony occurred. Four of the cases do not include the full case name.

I further find that the Rules 26 disclosures with regard to expert witness Kelly do not meet the requirements of Fed.R.Civ.P. 26 (a)(2)(B). Defendant disclosed Dr. Kelly as an expert in the field of neurology. The disclosure of Dr. Kelly's prior testimony lists ten cases Mot. to Strike, Ex. 1. None of the cases listed provide the case number or the name of the court or administrative agency where the testimony occurred. Two of the cases do not include the full case name.

Case law establishes that identification of cases in which an expert has previously expressed opinions should include, at a minimum, the courts or administrative agencies, the names of the parties, the case number, and whether the testimony was by deposition or at trail. *Nguyen v. IBP, Inc.* 162 F.R.D. 675, 682 (D. Kan 1995).

Disclosures under Rule 26(a)(2) are necessary to allow the opposing party "a

reasonable opportunity to prepare for effective cross examination . . . " *Jacobsen v. Desert Book Co.*, 287 F. 3d 936, 953 (10th Cir. 2002).  Rule 26 does not contemplate shifting the burden of locating prior cases the expert has testified in to the discovering party. *Coleman v. Dydula*, 190 F.R.D. 316 (W.D.N.Y. 1999)

I further find that the Defendant has failed to establish either substantial justification for the failure to provide the Rule 26 (a)(2)(B) information, or that the failure is not harmless. There is no substantial justification for the failure to provide the Rule 26 information. The failure to disclose the Rule 26 (a)(2)(B) is not harmless. The failure to disclose the Rule 26 information robbed the Plaintiff of the right to prepare cross examination for deposition and trial. *See Nguyen*, 162 F.R.D. at 681.

The Plaintiff argues that Dr. Blotter and Dr. Kelly should be stricken as expert witnesses and not permitted to testify.  Plaintiff argues that Rule 37 provides the appropriate remedy for failure to comply with the requirements of Rule 26, which is to strike the expert witnesses and to preclude the testimony of the expert witnesses at trial.

Rule 37 however also provides that in lieu of striking the expert witness and precluding the testimony of the expert witness at trial, the court may impose other appropriate sanctions.

Accordingly, it is

HEREBY **ORDERED** that Plaintiff's Motion to Strike Defendant Action Scaffolding's Expert Witness (Doc. #136), filed February 8, 2007, is **DENIED**.  It is

FURTHER **ORDERED** that Defendant shall, within thirty (30) days of this Order, provide to Plaintiff a supplemental disclosure which corrects the deficiencies identified

herein. The information required to be disclosed are the cases in which the witness has testified. The identification of "cases" at a minimum should include the courts or administrative agencies, the names of the parties, the case number, and whether the testimony was by deposition or at trial. It is

FURTHER **ORDERED** that Plaintiff may depose Dr. Blotter and Dr. Kelly on the information contained in Defendant Action Scaffolding's supplemental disclosure, **on or before June 1, 2007**. The costs of the depositions shall be paid by the Defendant, as well as the Plaintiff's attorney's fees incurred in the taking of the depositions.

Failure to correct the deficiencies and to comply with the terms of this Order may result in additional Rule 37 sanctions, including the striking of the expert witnesses Blotter and Kelly and precluding the witnesses from testifying at trial.

Dated March 26, 2007.

                                        BY THE COURT:

                                        s/ Gudrun J. Rice   *for*
                                        O. Edward Schlatter
                                        United States Magistrate Judge