IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 06–cv–00714–EWN–PAC

JOAN BACA,

      Plaintiff,

v.

DEPOT SALES, LLC, d/b/a SCAFFOLDING DEPOT,
ACTION SCAFFOLDING, INC., d/b/a ACTION SCAFFOLDING MANUFACTURING,
GARY M. CLARK, d/b/a SCAFFOLDING DEPOT, d/b/a DEPOT SALES,

      Defendants.

---

**ORDER AND MEMORANDUM OF DECISION**

---

      This is a personal injury and products liability case.  This matter is before the court on Plaintiff Joan Baca's "Motion to Consolidate Defendants Gary M. Clark, Depot Sales, and Depot Sales, LLC," filed December 7, 2006.  This court has diversity jurisdiction over the matter.

**FACTS**

*1.    Factual Background*

      Relying upon the deposition testimony of Defendant Clark, Plaintiff makes the following well-founded factual assertions.  Defendant Clark formed the sole proprietorship, Depot Sales, in February or March 2003.  (Mot. to Consolidate Defs. Gary M. Clark, Depot Sales, and Depot Sales, LLC at 2 [filed Dec. 17, 2006] [hereinafter "Mot. to Consolidate"].)  Defendant Clark

operated Depot Sales as a sole proprietorship out of his home at 3952 Hardee Drive, Kennesaw, Georgia 30152.  (*Id.*)

Defendant Clark's business involved selling scaffolding via the internet using the website, "ScaffoldingDepot.com."  (*Id.*)  Defendant Clark designed, constructed, and updated the website. (*Id.*)  As of October 2003, advertising for the sole proprietorship was accomplished solely through the internet.  (*Id.*)  In order to make a purchase, a customer visiting ScaffoldingDepot.com was directed to \call an 800 number that would ring to Defendant Clark's home office in Kennesaw, Georgia.  (*Id.* at 3.)  In October 2003, Defendant Clark was the only person who answered the 800 number.  (*Id.*)  In October 2003, Defendant Clark sold the subject scaffolding products to Plaintiff through his sole proprietorship and website.  (*See* Am. Compl., Ex. 1 [Shipping Documents] [filed May 12, 2006].)  Injuries Plaintiff alleges she sustained while subsequently using the scaffolding form the basis of this lawsuit.  (*Id.*)

The assets and liabilities of the sole proprietorship included fees paid to internet advertisers, a telephone hook-up at Defendant Clark's house, computers, paper, and office supplies.  (Mot. to Consolidate at 3.)  Defendant Clark's wife, Sherrie Clark, had no involvement with the sole proprietorship.  (*Id.*)

Depot Sales, LLC was formed on October 26, 2005.  (*Id.*)  Sherrie Clark is the owner and sole member of the LLC.  (*Id.*)  The registered address for Depot Sales, LLC is 3952 Hardee Drive, Kennesaw, Georgia 30152.  (*Id.* at 2.)  Defendant Clark received no consideration when he transferred the assets of the sole proprietorship to the LLC.  (*Id.* at 4.)  The transferred assets included a computer and a phone, but Defendant Clark denies transferring accounts receivable.

(*Id.*)  Upon the transfer, the sole proprietorship "ceased to exist and [the] LLC took over."  (*Id.*)

Defendant Clark testified that the LLC was formed for "tax purposes" in order to separate

"[business] transactions from *[his]* personal tax situation."  (*Id.* at 3, Ex. 1 at 193 [Clark Dep.].)

Indeed, Defendant Clark admitted that while he owned the sole proprietorship, he never obtained

a license to do business or paid taxes on any of his sales.  (*Id.*, Ex. 1 at 23–24 [Clark Dep.].)

After the transfer, Defendant Clark continued to conduct the day-to-day business of Depot

Sales.  (*Id.* at 4.)  The business's web address, 800 number, advertising, suppliers, and prices

remained unchanged.  (*Id.*)  When the LLC receives payments, they are placed in the LLC's

checking account, which is owned by Sherrie Clark.  (*Id.* at 5.)  Defendant Clark has signatory

authority on the account.  (*Id.*)  Although Sherrie Clark is the LLC's sole owner, she is

uninvolved in the business.  (*Id.*)

## 2.    *Procedural History*

On or about February 8, 2006, Plaintiff filed the instant action in the Colorado District

Court in Pueblo County.  (Notice of Removal, Ex. 1 [State Court Compl.] [filed Apr. 17, 2006].)

On April 17, 2006, Defendant Action Scaffolding, Inc. removed the action to this court.  (*Id.*)

Subsequently, Plaintiff filed an amended complaint.  (Am. Compl.)  On December 12, 2006,

Plaintiff filed a motion to consolidate Defendants Gary M. Clark, Depot Sales, and Depot Sales,

LLC, asserting that the three Defendants are one in the same under the "mere continuation"

exception to the general rule precluding corporate successor liability.  (Mot. to Consolidate.)

While Plaintiff represents that Defendants Gary M. Clark and Depot Sales, LLC oppose the

motion, these Defendants have neglected to file a response.  On March 28, 2007, near the eve of a

hearing on the motion, the parties filed a joint motion to vacate the hearing, requesting that the court rule without oral argument.[1] (Joint Mot. to Vacate Hearing on Mar. 30, 2007 at 10:00 a.m. [sic] and for a Ruling on Plaintiff's Mot. to Consolidate Defs. Depot Sales, LLC and Gary Clark Without Oral Arg. [filed Mar. 28, 2007].)

## ANALYSIS

### 1.   *Choice of Law*

A federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits, including the forum state's choice-of-law rules. *Boyd Rosene & Assocs. v. Kan. Mun. Gas Agency*, 123 F.3d 1351, 1352–53 (10th Cir. 1997) (citing *Klaxon v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 495–97 [1941]). "In resolving choice of law issues in tort actions, Colorado follows the 'most significant relationship' approach of the RESTATEMENT (SECOND) OF CONFLICT OF LAWS (1971). In applying [this] test, courts are to evaluate the various contacts, such as the place where the injury occurred, the residence of the parties, and the place where the parties' relationship is centered, as well as the policies of the interested states." *Hawks v. Agri Sales, Inc.*, 60 P.3d 714, 715 (Colo. Ct. App. 2001) (citing *First Nat'l Bank v. Rostek*, 514 P.2d 314, 320 [1973]) (further citations omitted).

In the instant matter, Plaintiff alleges: (1) she lives in Colorado; (2) she ordered the subject scaffolding from Colorado; (3) she received the scaffolding in Colorado; and (4) she was injured

---

[1]In light of their unwillingness to present either an oral or written response to Plaintiff's motion, I am singularly perplexed by Defendants' refusal to simply concede the motion. Never before have I encountered a defense that is at once so lackadaisical and bullheaded.

while using the scaffolding in Colorado.  I find that Colorado is the state with the most significant

relationship to this matter and, accordingly, apply Colorado substantive law.  *See Ede v. Mueller*

*Pump Co.*, 652 F. Supp. 656, 659 (D. Colo. 1987) (arriving at the same conclusion based on

similar facts).

**2.      *Consolidation***

Generally, a corporation that acquires the assets of another corporation does not become

liable for the debts of the selling corporation.  *CMCB Enters. v. Ferguson*, 114 P.3d 90, 93 (Colo.

Ct. App. 2005).  However, successor corporations have been held liable when: (1) there is an

express or implied assumption of liability; (2) the transaction results in a merger or consolidation

of the two corporations; (3) the purchaser is a mere continuation of the seller; or (4) the transfer

is for the fraudulent purpose of escaping liability.  *Id.* (citations omitted).  Plaintiff asserts that the

"mere continuation" exception applies.

First, it must be noted that although the rules of corporate successor liability "were

designed to govern corporate liability, most courts have applied them 'regardless of whether the

predecessor or successor organization was a corporation or some other form of business

organization.'"  *Crane Constr. Co. v. Klaus Masonry, L.L.C.*, 114 F. Supp. 2d 1116, 1119 (D.

Kan. 2000) (citations omitted).  Indeed, in *LiButti v. United States*, the Second Circuit applied the

mere continuation exception where the predecessor was a sole proprietorship and the successor

was a limited liability company.  178 F.3d 114, 124 (2d Cir. 1999); *accord Crane Constr. Co.*,

114 F. Supp. 2d at 1119.  While I have found no Colorado law addressing the question, I see no

reason why Colorado courts would not apply principles of successor liability to an LLC that acquired a sole proprietorship.

Thus, the question remains whether the "mere continuation" exception applies to the instant matter. The mere continuation exception applies when there is a continuation of directors and management, shareholder interest, and, in some cases, inadequate consideration. *Alcan Aluminum Corp. v. Elec. Metal Prods., Inc.*, 837 P.2d 282, 283 (Colo. Ct. App. 1992). The test for the applicability of the exception is whether the purchasing corporation is, in effect, a continuation of the seller's business operation. *Ferguson*, 114 P.3d at 93; *see id.* (citing *Bud Antle, Inc. v. E. Foods, Inc.*, 758 F.2d 1451, 1458 [11th Cir. 1985] [finding exception applies where purchasing entity is merely a "new hat" for its predecessor, with the same or similar management and ownership]). Furthermore, the emphasis should be on whether the sale or transfer was a bona fide one involving consideration to the seller. *Id.*

The evidence makes it patently clear that Depot Sales, LLC falls within the exception. Defendant Clark transferred Depot Sales not to a third party but to his wife, who has exercised no meaningful control over the business. Defendant Clark received no consideration for the transfer. Defendant Clark testified that the transfer was initiated merely to separate "[business] transactions from *[his]* personal tax situation." Defendant Clark ran the business both before and after the transfer. The business's address has, at all relevant times, been located at the home Defendant Clark shares with his wife. Neither the business's 800 number, website, nor overall business practices were impacted by the transfer.

Depot Sales, LLC is simply a "new hat" for Defendant Clark's sole proprietorship, Depot Sales. The intraspousal transfer did not involve an exchange of consideration or effectuate a meaningful change of management or ownership. Accordingly, I find that Depot Sales, LLC is a mere continuation of Depot Sales. As successor of Defendant Clark's sole proprietorship, Depot Sales, LLC shares in the liabilities the sole proprietorship incurred.

**3.    *Conclusion***

Based on the foregoing it is therefore ORDERED that PLAINTIFF's motion (#92) to consolidate Defendants Gary M. Clark, Depot Sales, and Depot Sales, LLC is GRANTED.

Dated this 30th day of March, 2007

BY THE COURT:


s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge