IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-00714-EWN-PAC

JOAN BACA,

    Plaintiff,

v.

GARY M. CLARK, d/b/a DEPOT SALES and d/b/a SCAFFOLDING DEPOT, DEPOT SALES, LLC d/b/a SCAFFOLDING DEPOT, and,
ACTION SCAFFOLDING, INC., d/b/a ACTION SCAFFOLDING MANUFACTURING,

    Defendants.

## ORDER RE: PLAINTIFF'S MOTION TO STRIKE DESIGNATION OF NONPARTIES

O. Edward Schlatter, United States Magistrate Judge

This is a products liability action.  The matter before the court is Plaintiff's Motion to Strike Designation of NonParties (Doc. #91), filed December 7, 2006.   The motion is fully briefed and has been referred to me for disposition.

I.

Defendants are manufacturers and sellers of scaffolding equipment.  Plaintiff alleges that she purchased scaffolding manufactured by defendant Action Scaffolding, Inc. for a home construction project.  Plaintiff states that she was standing on a ladder leaning against the scaffolding when the scaffolding structure rolled and the ladder slipped to one side, causing her to fall to a concrete pad sixteen feet below, injuring her head, and fracturing six ribs.  Plaintiff claims that the braking mechanism on three of the four scaffolding casters failed.

Plaintiff sues the defendants, as relevant here, in strict liability for defective manufacture and design of the scaffolding casters, failure to warn and instruct, and misrepresentation; and in product liability, for breach of implied warranty of merchantability, negligence and failure to warn. Plaintiff alleges that the scaffolding equipment did not come with adequate instructions, safety precautions or warnings, and that no defect in the casters was apparent.

Defendant Action Scaffolding, Inc. filed its Designation of Non-Parties, on August 4, 2006, pursuant to COLO.REV.STAT. ("C.R.S.") 13-21-111.5(3)(b)) (Doc. #41). The Designation of Non-Parties states: "Defendant Action Scaffolding, Inc. . . . hereby gives notice that the following non-parties may be at fault for the claims made by the Plaintiff in this lawsuit":

> 1. **Hubie Provincial Suizhou Import and Export Corporation ("Hubie") (n/k/a Suizhou Suidou Foreign Trade Co., Ltd)** 217 Jiao-Tong Road, Suizhou, Hubie, China. Upon information and belief, Hubie likely manufactured the casters which are the subject of this litigation, and are alleged to be the cause of Plaintiff's injuries. Therefore, Hubie may be wholly or partially at fault and/or may be responsible for the claims made by plaintiff.
>
> 2. **Tim Baca**, 1938 58th Lane, Boone, CO 81025. Mr. Baca assisted Plaintiff with erecting the scaffolding equipment at issue, from which Plaintiff alleges to have fallen. Mr. Baca's actions may be a proximate cause of Plaintiff's injuries and, accordingly, he may be wholly or partially at fault and/or may be responsible for the claims made by plaintiff.

II.

Section 13-21-111.5(3)(b), C.R.S., (2005) provides:

> Negligence or fault of a nonparty may be considered . . . if the defending party gives notice that a nonparty was wholly or partially at fault within ninety days following commencement of the action unless the court determines that a longer period is necessary. The notice shall be given by filing a pleading in the action designating such nonparty and setting forth such nonparty's name and last-known address, or the best identification of such nonparty which is possible under the circumstances, together with a brief statement of the basis for believing such nonparty to be at fault. Designation of a nonparty shall be subject to the provisions of section 13-17-102.

The statutory provision allows a defendant in a civil action to designate as a non-party at fault an individual or entity "wholly or partially at fault" for the damages alleged by the plaintiff. "The designation ensures that parties found liable will not be responsible for more than their fair share of the damages." *Pedge v. RM Holdings, Inc.*, 75 P.3d 1126, 1128 (Colo.App.2002)(citing *Stone v. Satriana*, 41 P.3d 705 (Colo.2002)).

The defendant must file a pleading that complies with §13-21-111.5(3)(b), C.R.S., before the fact-finder may consider the negligence or fault of a non-party. *Thompson v. Colo. & Eastern R.R. Co.*, 852 P.2d 1328, 1330 (Colo.App.1993); *Chavez v. Parkview Episcopal Medical Cntr.*, 32 P.3d 609, 612 (Colo. App. 2001).

Plaintiff first argues that Defendant's designation of Hubie Provincial Suizhou Import and Export Corporation ("Hubie") is deficient because Defendant does not allege any facts to establish Hubie's fault and Defendant has not produced any evidence to show that Hubie manufactured the casters that caused Plaintiff's injuries.

The basis of Hubie's potential non-party liability is the same as that asserted against Action Scaffolding - in strict liability for defective manufacture and design, and in

product liability for negligence. Plaintiff alleges in her Complaint that Action Scaffolding manufactured the scaffolding equipment which had defective brakes on the casters. Action Scaffolding asserts that Hubie may have manufactured the casters which allegedly malfunctioned, causing Plaintiff's injuries and resulting damages.

Defendant's responses to Plaintiff's written discovery requests, along with the deposition testimony of Action Scaffolding's president, Howard Schapira, and Defendant's employee, Bob Jacubczak, show that Defendant had a reasonable belief, at the time of Defendant's designation of non-parties at fault, that Hubie may have manufactured the allegedly defective casters. *See* Defendant Action's Response to Plaintiff's Motion, Exs. 3, 4, 8, 10.  A defendant is not required to proffer <u>evidence</u> of the non-party's negligence or fault at the time of the designation – just a sufficient basis for the defendant's belief that the non-party contributed to the plaintiff's injury.[1]  *See Sandoval v. Archdiocese of Denver*, 8 P.3d 598, 606 (Colo.App. 2000).

I find that Defendant's designation of Hubie as a responsible non-party complies with §13-21-111.5(3)(b), C.R.S.[2]

Plaintiff next urges the court to strike Action Scaffolding's designation of Tim Baca because Defendant fails to allege any facts to establish that Baca owed a duty of care to

---

[1]At trial, however, Action Scaffolding must present sufficient evidence of Hubie's liability as the manufacturer of the allegedly defective casters before the court is obligated to instruct the jury as to non-party liability.  *Barton v. Adams Rental, Inc.*, 938 P.3d 532, 534 (Colo. 1997).

[2]The fact that this court may lack personal jurisdiction over Hubie does not preclude Hubie's designation as a non party at fault. *See Doering ex rel. Barrett v. Copper Mtn. Resort, Inc.*, 259 F.3d 1202, 1215-16 (10th Cir. 2001)(recognizing that a person immune from suit may be designated a non-party so long as the person owes a duty of care to the plaintiff); *Williams v. White Mtn. Constr. Co.*, 749 P.2d 423, 428-29 (Colo. 1988)(same); *Wong v. Sharp*, 734 F.Supp. 943, 944-45 (D.Colo. 1990)(Arraj, J.)(holding that settling defendant's percentage of fault was properly considered in determining remaining defendant's pro rata share of liability).

Plaintiff such that Baca could be held liable in negligence, and because Defendant's designation is otherwise deficient under *Redden v. SCI Colo. Funeral Services, Inc.*, 38 P.3d 75 (Colo. 2001).

In *Redden*, the Colorado Supreme Court addressed the statutory requirements for designating a professional non-party at fault in tort litigation. The Court held:

> [T]o satisfy the third element of §13-21-111.5(3)(b), a party must allege that basis for believing the non-party legally liable to the extent the non-party's acts or omissions would satisfy all the elements of a negligence claim. A designation that alleges only causation is insufficient as a matter of law, and in such circumstances, as here, a trial court's order to strike is proper.

*Redden*, 38 P.3d at 81.

Plaintiff alleges that Mr. Baca assembled the scaffolding from which Plaintiff fell, in accordance with verbal instructions he received over the telephone from a representative from Action Scaffolding. (Complaint, at ¶¶19-23)

Defendant states in its non-party designation that Tim Baca's actions in assembling the scaffolding may be a proximate cause of Plaintiff's injuries and her resultant claims for damages. Defendant argues in response to Plaintiff's Motion to Strike that Mr. Baca's September 5, 2006 deposition testimony shows that Mr. Baca may have assembled the scaffolding improperly. Specifically, Mr. Baca testified that he didn't receive any instructions or assembly information for the scaffolding, so he put it together "by trial and error." (Defendant's Response, Deposition of Tim Baca, at 86) Defendant also relies on September 2006 deposition testimony from Action Scaffolding's President, Howard Schapira. Mr. Schapira believes that Mr. Baca may be wholly or partially responsible for

the Plaintiff's injuries based on other deposition testimony from Baca which indicated that Baca may not have positioned the ladder so that it surpassed the scaffolding platform by the required number of feet. (Defendant's Response, Deposition of Howard Schapira, at 139-141)  Schapira stated that if the ladder was positioned correctly, it may not have fallen away from the platform when the casters began to roll.  (*Id.*)

The elements of a negligence claim consist of the defendant's breach of a legal duty owed to the plaintiff, injury to the plaintiff, and a sufficient causal connection between the defendant's breach and the plaintiff's injuries.  *Connes v. Molalla Transport System, Inc.*, 831 P.2d 1316, 1320 (Colo. 1992).  "A duty of reasonable care arises when there is a foreseeable risk of injury to others from a defendant's failure to take protective action to prevent the injury." *Id.; Largo Corp. v. Crespin*, 727 P.2d 1098, 1102 (Colo. 1986)("Where a person should reasonably foresee that his act, or failure to act, will involve an unreasonable risk of harm to another, there is a duty to avoid such harm.")

In *Redden*, the Colorado Supreme Court stated that "[c]ourts should construe designation requirements strictly to avoid a defendant attributing liability to a non-party from whom the plaintiff cannot recover." 38 P.3d at 80.  It is not clear at this time, as a matter of law, that Baca owed <u>no</u> legal duty to the plaintiff.  *Contrast Miller v. Byrne*, 916 P.2d 566, 577-78 (Colo.App. 1995)(affirming trial court's order striking non-party designation because defendant did not show that non-party owed a legal duty to the plaintiff, and recognizing that General Assembly intended non-party designations to be only for individuals or entities that could be found legally liable).

If the Defendant presents sufficient evidence at trial for the court to find that Tim Baca owed a duty of care to plaintiff in his assembly of the scaffolding equipment (including placement of the ladder), and Defendant also presents adequate evidence that Baca breached that duty, and that such breach was a proximate cause of the Plaintiff's injuries, then the jury will be allowed to decide the issue of Baca's comparative fault. *See Barton*, 938 P.2d at 534.

I find that Defendant has complied sufficiently with Colorado's statutory requirements for designating Tim Baca as a non-party at fault. It appears that Defendant had a sufficient basis for its belief, at least by September 2006, that Tim Baca may be wholly or partially responsible for Plaintiff's injuries. *See Sandoval*, 8 P.3d at 606. Although Defendant does not specifically allege facts in its non-party designation to show that Tim Baca breached a legal duty owed to Plaintiff, the Plaintiff was aware, no later than September 2006, that Defendant was asserting negligence as the basis of its designation of Tim Baca as a responsible non-party, and of the known facts supporting that claim. I further find that to the extent Defendant's disclosure of the basis of its designation of Tim Baca is untimely, Plaintiff has not demonstrated resulting prejudice. Accordingly, it is

HEREBY **ORDERED** that Plaintiff's Motion to Strike Designation of NonParties [Doc.#91; filed December 7, 2006] is **DENIED.**

Dated June 29, 2007.

BY THE COURT:

s/ O. Edward Schlatter
O. EDWARD SCHLATTER
United States Magistrate Judge